FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 MAY 17 PM 3:42

ANTHONY SOS,

    Plaintiff,

v.

CASE NO.:
6:17-cv-890-Orl-18KRS

Class Action

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, a foreign insurance company,

    Defendant.
_____/

## CLASS ACTION COMPLAINT FOR DAMAGES

The Plaintiff ANTHONY SOS, on behalf of himself and all others similarly situated, files this Class Action Complaint against STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (Defendant "State Farm"), and in support thereof states the following:

## NATURE OF THE ACTION

1. This is a class action lawsuit by Plaintiff who was the named insured under a "State Farm" automobile policy issued for private passenger auto physical damage, which required payment of "Actual Cash Value" or "ACV." The ACV includes sales tax and state and local regulatory fees for covered total loss leased vehicles.

2. Defendant State Farm's standardized policy language, present in all Florida policies issued by Defendant and any various subsidiaries doing business under Defendant's name, shows that sales tax is equal to at least six percent[1] of the cash value of the insured vehicle at the time of

---

[1] Florida's sales tax is 6%. Additionally, some counties impose a local sales tax of up to 1.5% on top of the 6% state sales tax.

loss (the "ACV Sales Tax") and is included in a total loss vehicle coverage, as are state and local regulatory fees.

3. This lawsuit is brought on behalf of Plaintiff ANTHONY SOS and on behalf of similarly situated insureds who have suffered damages due to Defendant's policy and practice of refusing to pay the full ACV state and local Sales Tax on insured leased vehicles in cases of total loss, notwithstanding that, as set forth above, the Defendant's standardized policy language provides coverage for said ACV Sales Tax and fees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because (a) the Plaintiff is a member of the putative classes which consist of at least 100 members and he and the Defendants are citizens of different states; (b) the amount-in-controversy exceeds $5 million dollars exclusive of interest and costs; and (c) none of the exceptions under 1332 apply to this claim.

5. Venue is proper in this Court because a substantial portion of the acts and course of conduct giving rise to the claims alleged occurred within the district and the Defendants are subject to personal jurisdiction in this district.

## THE PARTIES

6. At all times material hereto, the Plaintiff ANTHONY SOS is and was a person residing in Orlando, Florida.

7. At all times material hereto, the Defendant State Farm is and was a foreign corporation authorized to transact insurance in the State of Florida, and one of the largest, if the not largest, motor vehicle insurer in Florida. Defendant State Farm also owns the other,

subsidiary companies operating under the "State Farm" name, and is responsible for the standardized automobile insurance policies issued to Plaintiff and all of the putative class members.

## FACTUAL ALLEGATIONS

8. At all times material hereto, the Plaintiff SOS was a lessee of a 2013 Lexus GS350 F Sport 4D sedan, VIN # JTHBE1BL1D5019817.

9. At all times material hereto, Plaintiff insured the 2013 Lexus GS350 under an insurance policy issued by the Defendant (at this time, Defendant has refused to provide Plaintiff SOS with his specific insurance contract, but they have provided him with the standardized policy, a copy of which is attached hereto as Exhibit A).

10. On or about January 28, 2016, Plaintiff SOS was involved in an accident while operating the 2013 Lexus GS350. As a result of said accident, SOS filed a claim for property damage with Defendant, claim number 59-7X26-84601.

11. Following the filing of said claim, Defendant determined that the 2013 Lexus GS350 was a total loss with an ACV of $36,902, and included $58.75 in title and license fees. Defendant then paid the lien holder the amount owed on the lien, which totaled $33,563.92. Defendant then paid Mr. Sos the remaining amount, minus the policy deductible of $250.00, for a total of $3,146.83.

12. In paying the aforementioned amount, Defendant indicated that because the vehicle was leased, no ACV Sales Tax was owed under the policy, as seen in the picture below:

| | |
|---|---|
| Actual Cash Value | $36,902.00 |
| Plus: Taxes | $0.00 |
| License & Title Fees: | $58.75 |
| Less: Deductible | $250 |
| Payment to Lienholder (if applicable) | $33,563.92 |
| Total Net Payable to You: | $3,146.83 |

13. Additionally, Defendant paid only $58.75 in license and title fees. Procuring a new vehicle includes certain mandatory fees -- such as license and title fees -- which are a part of the cost of replacing the total loss vehicle.

14. Defendant's payment of $58.75 constituted an underpayment of the mandatory fees necessary to procuring a new vehicle.

15. Below is an incomplete list of certain mandatory fees, all of which, at a minimum, are higher than the insufficient $58.75 paid by Defendant.

[Image is on the following page]

## Fees for Florida Car Title Transfers

Several factors affect the title transfer fee you'll pay for an auto title transfer in Florida.

Common fees include:
- **Vehicle title transfer within FL:**
    - Electronic title issued: $75.25.
    - Paper title issued: $77.75.
    - **ADD** $2 lien fee for each lien.
- **Title transfer from out of state:**
    - Electronic title: $85.25.
    - Paper title: $87.75.
    - New to FL vehicle fee: $225.
    - **ADD** $2 lien fee for each lien on the vehicle.
- **Same-day service** (available at some locations): $10 **PLUS** applicable title transfer fee.

You'll also pay vehicle registration fees if you're registering your vehicle at the same time.

## Change Your FL Vehicle Title

If you change your name or move to a different Florida address, you need to update your FL DHSMV license and vehicle records.

### Name Change

To change the name on your title and registration, you'll need to transfer the vehicle title into your new name.

Go **in person** to your FL county tax office with:
- The Application for Certificate of Title With/Without Registration (Form HSMV HSMV 82040).
- Payment for the appropriate title transfer fee:
    - Title transfer (electronic title): $75.25.
    - Title transfer with a new paper title no lien: $77.75.

16. The following image is from a standardized Florida total loss valuation report, indicating title and license that exceeds that paid by Defendant, and, tellingly, corresponds closely with the mandatory title transfer fee.

 **VALUATION SUMMARY**

| | |
|---|---|
| **Base Vehicle Value** | **$ 23,037.00** |
| Condition Adjustment | - $ 106.00 |
| **Adjusted Vehicle Value** | **$ 22,931.00** |
| Vehicular Tax (6.109%) | + $ 1,400.86 |
| Tax reflects applicable state, county and municipal taxes. | |
| DMV FEE | + $ 85.60 |
| **Total** | **$ 24,417.46** |

### THE STATE FARM INSURANCE POLICY

17. The insurance policy (Exhibit A), under the section entitled PHYSICAL DAMAGE

    COVERAGES (Ex. A p. 31), states the following:

    **Collision Coverage:**
    ***We*** will pay for ***loss caused by collision*** to a ***covered vehicle*** (emphasis in original)

18. In the same section, under a provision entitled "Limits and Loss Settlement --

    Comprehensive Coverage and Collision Coverage" (Ex. A p. 32), states:

    > "***1. We*** have the right to choose to settle with ***you*** or the
    > owner of other ***covered vehicle*** in one of the following ways:
    >     b. Pay the actual cash value of the ***covered vehicle***
    >     minus any applicable deductible."

19. The policy does not provide any further definition of "actual cash value." On page 5 of the

    standardized policy, Defendant states that "defined words and phrases are printed in

    boldfaced italics" and the phrase "actual cash value" is not in boldfaced italics.

20. Clearly, then, the policy language does not further define ACV as including: (1) any

    provision excluding sales tax or state and local regulatory fees from ACV; (2) any provision

    deferring payment of the ACV Sales Tax and state or local regulatory fees for any purpose

whatsoever; (3) any provision requiring an insured to lease a replacement vehicle; (4) any provision requiring the insured to first lease a replacement vehicle as a condition precedent to receiving ACV Sales Tax or state and regulatory fees; or (5) any provision linking the amount of ACV Sales Tax or state and regulatory fees to a lease of a replacement vehicle and the corresponding sales tax or state or local regulatory fees on said replacement vehicle.

21. Florida law is clear that Courts cannot limit the scope of a term, if it is not defined in the policy, to a narrow definition that benefits the insurer; in fact, if policy language is susceptible to more than one reasonable interpretation, it is construed in the light that would grant coverage, i.e. to the benefit of the insured and against the insurer. *Travelers Indem. Co. v. PCR Inc.*, 889 So. 2d 779 (Fla. 2004).

## CLASS ALLEGATIONS

22. The Plaintiff brings this action seeking representation of a class pursuant to Fed. R. Civ. P. 23.

23. Plaintiff's claims are typical to those of all class member because members of the class are similarly affected by Defendant's failure to pay ACV Sales Tax and state and local regulatory fees upon the total loss of insured leased vehicles. The material and relevant policy terms for each class member are identical to the terms of Plaintiff's policy.

24. Plaintiff's interests are coincident with and not antagonistic to those of other class members, nor is the Plaintiff subject to any unique defenses.

25. The claim of representative Plaintiff SOS raises questions of law and fact common to all members of the class, within the meaning of FRCP 23(a)(2), and they predominate over any questions affecting only individual Class Members within the meaning of Rule 23(b)(3). Said

common questions include, but are not limited to, the following: (a) whether, under the Defendant's standardized policy language, Plaintiff and the class members are owed ACV Sales Tax and state and local regulatory fees upon the total loss of an insured leased vehicle; and (b) whether the Defendant has breached its insurance contracts with the Plaintiff and the class members by failing to pay ACV Sales Tax and state and local regulatory fees upon the total loss of an insured leased vehicle.

26. Plaintiff's claims are typical of the claims of all other members of the class because all such claims arise from the allegedly improper failure by Defendant to pay ACV Sales Tax and state and local regulatory fees upon the total loss of insured leased vehicles.

27. Plaintiff and his counsel will fairly and adequately protect and represent the interests of each member of the class.

28. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in prosecuting and defending class actions.

29. Class action is necessary, pursuant to Fed. R. Civ. P. 23(b)(1)(a), because the prosecution of separate actions by or against individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants.

30. Class treatment is also necessary, pursuant to Fed. R. Civ. P. 23(b)(1)(b), because the prosecution of separate actions by or against individual Class Members would create a risk of adjudications with respect to individual Class Members that, as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications, or would substantially impair or impede their ability to protect their interests.

31. Pursuant to Rule 23(b)(3), a class action is superior to the other available methods for a fair and efficient adjudication of the controversy because, among other reasons, it is desirable to concentrate the litigation of the Class Members' claims in one forum, as it will conserve party and judicial resources and facilitate the consistency of adjudications. Furthermore, as the damages suffered by individual Class Members may be small, their interests in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impracticable for them to seek individual redress for the wrongs done to them. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

32. Plaintiff brings this action as class representative, individually and on behalf of all other persons or entities similarly situated, more specifically defined as follows:

### CLASS

> All insureds, under a policy issued by State Farm Mutual Automobile Insurance Company covering a leased vehicle in the State of Florida, who sustained a total loss to said vehicle and who, within the five year time period prior to the date on which this lawsuit was filed till the date of any certification order, received payment from State Farm Mutual Automobile Insurance Company for said loss, which payment did not include ACV Sales Tax or state and local regulatory fees for the loss of said vehicle.

33. The issues related to Plaintiff's claim do not vary from the issues relating to the claims of the other members of the class such that a class action provides a more efficient vehicle to resolve this claim than through a myriad of separate lawsuits.

34. Certification of the above class is also supported by the following considerations:

   a. The relatively small amount of damages that members of the classes have suffered on an individual basis would not justify the prosecution of separate lawsuits;

    b. Counsel in this class action is not aware of any previously filed litigation against the Defendants in which any of the members of the class are a party and which any question of law or fact in the subject action can be adjudicated; and

    c. No difficulties would be encountered in the management of Plaintiff's claim on a class action basis, because the class is readily definable and the prosecution of this class action would reduce the possibility of repetitious litigation.

35. Finally, although the precise number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery, Plaintiff believes that because Defendant is one of the largest, if not the largest, motor vehicle insurer in the State of Florida, the class of persons affected by Defendant's unlawful practice consists of thousands of individuals or the class of persons affected are otherwise so numerous that joinder of all class members is impractical. The unlawful practice alleged herein is a standardized and uniform practice, employed by Defendant pursuant to standardized insurance policy language, and results in the retention by Defendant of insurance benefits and monies properly owed to Plaintiff and the class members.

## CLAIM FOR BREACH OF CONTRACT

36. The allegations contained in Paragraphs 1 through 35 above are incorporated herein by reference.

37. Pursuant to the aforementioned uniform contractual provisions, upon the total loss of insured leased vehicles, the Plaintiff and the class members were owed the actual cash value of the vehicle, which would include ACV Sales Tax and state and local regulatory fees.

38. The Defendant's failure to provide coverage for the aforementioned ACV Sales Tax and state and local regulatory fees constitutes a breach of said contractual provisions. As a result of said breaches, Plaintiff and the class members are entitled under Defendant's insurance

policies to sums representing the benefits owed for ACV Sales Tax and state and local regulatory fees, as well as costs, prejudgment and postjudgment interest, and other relief as is appropriate.

39. In addition, Plaintiff and the class members are entitled to an award of attorney's fees pursuant to §627.428 Fla. Stat.

WHEREFORE, the Plaintiff ANTHONY SOS, individually and on behalf of the Class, seeks an award of compensatory damages as outlined above, pre and post judgment interests, costs, attorney's fees and such other relief this Court deems just and proper. In addition, Plaintiff SOS seeks trial by jury of all issues so triable.

Respectfully submitted,

By: _____/s/ Ed Normand_____
Edmund A. Normand, Esq.
FBN: 865590
Normand, PLLC
4551 New Broad Street
Orlando, FL 32814
407-603-6031
firm@ednormand.com
ed@ednormand.com

By: _____/s/ Jake Phillips_____
Jacob L. Phillips, Esq.
FBN: 0120130
Normand, PLLC
62 W. Colonial St., Ste 209
Orlando, FL, 32801
407.603.6031
jacob@ednormand.com

By: __/s/ Christopher J. Lynch__
FBN 331041
Christopher J. Lynch, P.A.
6915 Red Road, Suite 208

Coral Gables, Florida 33143<br>
Telephone: (305) 443-6200<br>
Facsimile: (305) 443-6204<br>
Clynch@hunterlynchlaw.com<br>
Lmartinez@hunterlynchaw.com