# EXHIBIT E

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY SOS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign insurance
company

    Defendant.

CASE NO.: 6:17-cv-890-KRS

## DECLARATION OF DOUGLAS GRAFF

1. My name is Douglas Graff, and I am over the age of 21, of sound mind, and competent to make this declaration.

2. I am a Claims Consultant at State Farm Mutual Automobile Insurance Company ("State Farm"). I have been a Claims Consultant for approximately six years and have been employed by State Farm for approximately 23 years. This Declaration is based on my own personal knowledge, in reliance on the regular practices and procedures of State Farm in total loss claims handling.

3. As part of my role as a Claim Consultant, I directed State Farm's remediation efforts related to the payment of taxes on leased vehicle claims in Florida. I also assisted in removing the business rule from State Farm's Total Loss Settlement Tool.

4. During the course of this litigation, I reviewed the spreadsheets that State Farm produced on all Florida total losses, as well as the spreadsheets produced of remediated claims.

5. Generally, in handling total loss claims, State Farm engages in a variety of quality control measures to confirm the accuracy of the payments to its insureds. For example, team managers conduct routine checks of random total loss settlements closed by claims specialists. In addition, team managers and their claims specialist engage in biweekly one-on-one meetings in which they will often review a sample of claims for training and quality control purposes. Such measures are used to confirm the accuracy of total loss settlements.

6. Around October 2017, State Farm identified certain insureds in Florida with leased vehicles that had not been paid sales taxes. Once State Farm identified that approximately 2,600 leased vehicles had not been paid sales taxes from 2012 to 2017, State Farm began a remediation process to pay taxes to those insureds.

7. I am aware of what has been called the "business rule" in this litigation, which refers to a programming rule in the Total Loss Settlement Tool that zeroed out taxes for some total loss claims on leased vehicles in Florida. It is my understanding that the business rule only affected the payment of taxes on leased vehicles in Florida, and it did not affect the payment of fees on leased vehicles in Florida, or anywhere else. In July 2017, at my direction, State Farm removed the business rule from its TLST system.

8. This business rule did not affect all leased-vehicle total loss claims in Florida. For Florida claims, claims specialists sometimes changed the designation of the vehicle from a leased vehicle to a vehicle with a lien and paid the sales taxes as if the vehicle was an owned vehicle. Since the business rule only affected vehicles designated as leased, this would not have affected the payment of taxes on a vehicle marked with a lien, or no lien. In addition, for

Florida claims, claims handlers often manually entered a sales tax value in the field for regulatory fees in the TLST.

9. It is State Farm's practice to pay taxes and certain regulatory fees on total loss claims in Florida, regardless of any legal obligation to do so. State Farm's claims handlers settle total loss claims across multiple states. In order to gain significant operational efficiencies, State Farm made a business decision to pay taxes and fees at the time of settling the total loss claim for both ease of training and consistency across its business.

10. Recognizing that the effect of the business rule was inconsistent with State Farm's general practices in Florida and hoping to resolve this case without the expense and burden of litigation, State Farm engaged in a remediation process to compensate Florida insureds who may not have received sales taxes and regulatory fees as part of their total loss settlement. To accomplish this remediation, State Farm expended substantial time and resources.

11. After State Farm's initial remediation efforts, State Farm created a spreadsheet of all total losses in Florida from 2012 to 2017. This list included all total loss claims in Florida identifiable in State Farm's Electronic Claims System.

12. In an effort to fully compensate all insureds for sales taxes and fees, State Farm reviewed all claims from that list which had not been paid sales tax.

13. Of the 1,174 of claims which had not been paid sales tax, State Farm's claims specialists added another 704 claims to the list of Florida claims it had already remediated.

14. The 470 remaining claims were not remediated for a variety of reasons, including:

a. many claims had taxes paid, but the TLST was filled out incorrectly;

b. some claims were never settled as a total loss and determined to be repairable;

c. some claims were paid by another carrier, not State Farm;

d. some vehicles were from a state that did not assess sales tax; and,

e. some vehicles were exempt from taxes.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of September, 2018

*Douglas A. Graff*
_____
Douglas Graff