# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ANTHONY SOS,

     Plaintiff,

                                          CASE NO.: 6:17-cv-890-KRS

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign insurance
company

     Defendant.

---

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S OMNIBUS MOTION *IN LIMINE* AND MEMORANDUM OF LAW IN SUPPORT

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") files this Omnibus Motion *in Limine* and Memorandum of Law in Support Thereof and respectfully moves this Court to exclude the following items and categories of evidence during trial for the reasons set forth below.[1]

1. Testimony from Jeffrey Martin, including any opinions and/or declarations;

2. Testimony from Rebecca Furman, beyond any rebuttal testimony as previously directed by the Court, and her declaration;

---

[1] State Farm has prepared these Motions in Limine in accordance with the Court's mandated CMSO. The Court, however, has not yet ruled on the pending motion for class certification. Given that, State Farm contends that it is premature for the parties to be preparing for a trial that includes class claims. Arguably, the only claim that is ripe for trial is Plaintiff's individual claim. Many of these motions may be obviated by the Court's rulings on class certification and the pending motions for summary judgment. By filing these motions, State Farm is not waiving any of its positions against class certification, and is not in any way conceding that this case should proceed on a classwide basis. Similarly, State Farm does not waive its rights to seek a continuance of the trial, to appeal any ruling on class certification, or to seek modification of any class that could be ordered by the Court.

3. Factual arguments related to the shortcomings of State Farm's remediation efforts;

4. Characterization of State Farm's remediation efforts as an effort to subvert this Court's authority;

5. Characterization of State Farm as capable of payment;

6. Information related to owned vehicles;

7. Information related to the "leasing industry";

8. Testimony or argument that Plaintiff deserves the "benefit of the bargain";

9. Information regarding other cases in Florida concerning other insurance companies;

10. Characterization of other legal decisions in Florida concerning actual cash value as settled law.

## ARGUMENT & ANALYSIS

**A.    Motion in Limine No. 1 – Motion to Exclude Testimony of Jeffrey Martin And All Supporting Documents and Opinions**

This Court should exclude Jeffrey Martin's testimony at trial along with all of his supporting documents and opinions for several reasons. First, as State Farm has outlined in its pending notices of objections, Martin is an expert witness who Plaintiff failed to timely disclose or otherwise comply with Rule 26. Dkt. Nos. 84, 121. Second, his offered testimony, submitted by declarations and not an expert report, do not qualify as summary evidence under Rule 1006. Third, Martin is not a lay witness as Plaintiff claims and may not testify as such at trial; his background and expertise as a statistician demonstrates that he is providing expert testimony. Fourth, Martin's testimony is nothing more than hearsay without an exception.

An expert must be disclosed under Rule 26 and in accordance with this Court's scheduling order setting forth the deadlines for expert disclosure. "Because the expert witness

discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, . . . compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (affirming the district court's exclusion of an expert witness's declaration where the plaintiff never provided an expert report or the bases for the expert's opinions); *Blythe v. Fifth Third Bank*, No. 608CV391ORL18DAB, 2010 WL 11432601, at *3 (M.D. Fla. Jan. 19, 2010) (concluding that plaintiff was not allowed to rely on the opinions and testimony of an expert witness at trial who was disclosed after the close of discovery and where Defendant had no "chance to depose Plaintiff's expert witness, conduct discovery on the bases for Bateson's opinions, or obtain its own rebuttal expert witness.")

This Court's scheduling order required that any class experts be disclosed no later than January 2, 2018 and merits-based experts by June 1, 2018. Dkt. No. 34. But Plaintiff never disclosed Martin as an expert under the class certification deadline or the merits deadline. That Martin customarily testifies as an expert and has been retained for similar purposes for this litigation is not seriously in dispute. Martin is a professional consultant on statistical issues, he has been qualified as an expert on statistical issues in federal and state courts (Dkt. No. 70-6 at ¶ 3), and has testified "[p]robably more than a hundred" times as an expert. Dkt. No. 121 at 5; *Id.* at Ex. A, 15:8-18; 21:19-25. Plaintiff relies on Martin for the assertion that there are claims on State Farm's spreadsheet that have a "tax amount less than 6%" and that the "progression of the number of claims" in the table "statistically implies" that there are missing claims. Dkt. No. 114-1 at ¶¶ 11, 13.

Martin's declarations state that he is a summary witness, but Plaintiff's repeated reliance on Martin and his opinions undercuts Plaintiff's argument that Martin is simply summarizing information or qualifies as a lay witness.  Dkt. Nos. 70, 96, 111.  Martin concludes that State Farm's remediation was incomplete by applying 6% to each ACV payment and comparing that amount with the amount that State Farm paid.  But Martin never provided this intermediary step of his analysis to State Farm, and he admitted in his deposition that to come to this conclusion, he had to use a computer program to compare the numbers.  Dkt. No. 121 at Ex. A, 68:1-18; 79:6-14.  In fact, Plaintiff's calculation of damages in his Trial Brief demonstrates the several steps that it takes from looking at the spreadsheet to analyzing and concluding that any claims were supposedly underpaid.  Dkt. No. 144.  Martin's opinions as reflected in his declarations, and which will likely be presented as trial, constitute expert opinion, so his testimony should be excluded.  *See Owners Ins. Co. v. Superior Framing, Inc.*, No. 6:15-cv-1178-Orl-22GJK, 2016 WL 9488776, at *3 (M.D. Fla. Dec. 14, 2016) (striking reports with expert opinions because no expert witness was disclosed to the opposing party).

Second, a witness who provides a summary of voluminous records under Rule 1006 is limited to summarizing information.  *See* Dkt. No. 84; *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1159-60 (11th Cir. 2004) (noting that "care must be taken to omit argumentative matter in their preparation lest the jury believe that such matter is itself evidence of the assertion it makes").  "He may not opine on inferences to be drawn from the summaries and may not present any conclusions to the court."  *Hermann v. United States*, 129 Fed. Cl. 780, 789 (2017).

Martin's declarations and his likely opinions at trial will go beyond summarizing data. He adds information and analysis to the data produced by State Farm. Specifically, he applies outside information (tax and fee figures) to his summaries of the data to provide an opinion on the payment or supposed underpayment of claims. Dkt. No. 114 at ¶¶ 8-15. For example, the spreadsheets produced by State Farm did not have columns indicating whether the payments were 6% of ACV, or comparing the fees paid with $79.25. Martin added all of this. Doing this, along with his statements as to statistical implications and a projected deficit of State Farm claims, reflects Martin's analysis of the data and is not simply a recitation of what the data as produced by State Farm shows. Dkt. No. 114 at ¶¶ 13-15.

Third, Martin is not a lay witness. FRE 701 permits lay opinion testimony but not opinion based on specialized knowledge. *United States v. Montero*, 440 F. App'x 833, 839 (11th Cir. 2011) (rejecting the testimony of a police officer as an untimely expert opinion); FRE 701 Adv. Comm. Notes (2000 Amends.) (lay testimony "results from a process of reasoning familiar in everyday life," while expert testimony "results from a process of reasoning which can be mastered only by specialists in the field."). Rather, Martin is an expert statistician and is—quite literally—offering what State Farm's structured data "statistically implies." Dkt. No. 114 at ¶ 13. He is incorporating information that he learned from Plaintiff's counsel and applying those facts to the record evidence. *Id.* at ¶¶ 8-15. And Martin has already testified about statistical analysis, is being compensated at the exact same rate as his other expert engagements, and has offered expert opinion testimony in *Roth v. GEICO*, another case involving an insurance company's payment of sales taxes and regulatory fees. Dkt. No. 121 at 2-3. There is no basis to believe that Martin would act as a lay witness at trial.

Fourth, the Court should exclude his declarations because they are hearsay without any applicable exception.  FRE 802.  Plaintiff has listed these declarations in his exhibit list, and they appear to be offered for the truth of the matter asserted.  For the reasons outlined above, they are not simply summary exhibits.  In addition, they include statements such as, "counsel informed me that Florida imposes a fee of $77.25 to transfer title and $4.50 to transfer tag, for a total of $81.75."  Dkt. No. 70-6 at ¶ 8.  But, one of the questions pending before the Court is the appropriate amount of fees required under Florida law on a total loss of a leased vehicle. It is inappropriate for a witness to inform the jury of what the applicable sales tax and fees are.

**B.      Motion in Limine No. 2 – Motion to Exclude Testimony of Rebecca Furman And Supporting Documents and Opinions**

This Court should exclude the testimony of Rebecca Furman, including her declaration. Plaintiff did not disclose Furman as a witness in this case by the discovery deadline, and so State Farm never had an opportunity to depose her, present rebuttal testimony, or probe her assertions in her declaration attached to Plaintiff's summary judgment reply brief.  Dkt. No. 125 at 9, Ex. X.  State Farm moved to strike Furman's declaration, and the magistrate judge denied the request, finding that Furman was a proper rebuttal witness related to the parties' motions for summary judgment.  Dkt. Nos. 131, 134.  Now, Plaintiff lists Furman as a witness he expects to call at trial, without apparent limitation to her role as a rebuttal witness.  Dkt. No. 139 at Ex. D.

Federal Rule of Civil Procedure 26(a) requires all parties to disclose, without awaiting a discovery request: (1) all witnesses "likely to have discoverable information . . . that a party may use to support its claims or defenses."  Fed. R. Civ. P. 26(a)(1)(A)(i).  Fed. R. Civ. P. 26(e) imposes an obligation to supplement disclosures and discovery responses "in a timely

manner if the party learns that in some material respect the disclosure or response is incomplete." Fed. R. Civ. P. 26(e)(1)(A). A party who fails to do so is "prohibited, pursuant to Fed. R. Civ. P. 37(c)(1), from using the undisclosed evidence 'at trial, at a hearing, or on a motion,' unless the failure is harmless." *Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party." *Mitchell v. Ford Motor Co.,* 318 F. App'x 821, 824 (11th Cir. 2009) (internal quotation marks omitted).

Notwithstanding the Court's decision at the summary judgment stage, Furman should not be permitted to testify at trial. She is an undisclosed witness and Plaintiff's failure to disclose her was not substantially justified or harmless. Plaintiff's counsel knew of Furman before the August 1, 2018 close of discovery. Dkt. No. 131. On July 20, 2018, Plaintiff's counsel communicated with State Farm's counsel, indicating that Plaintiff sought to amend the operative pleadings to add a new class representative. *Id*. Yet Plaintiff did not identify Furman as the proposed new class representative until over a week after the discovery cut-off. *Id*. Because Plaintiff did not disclose Furman as the proposed new class representative, or even a witness, until after the close of discovery, State Farm never had an opportunity to take her deposition, explore what relevant information she may have, and adequately prepare for her testimony at trial. Under these circumstances, Furman should not be permitted to testify at all during trial. *Nat'l Union Fire Ins. Co. v. Tyco Integrated Sec.*, LLC, No. 13-CIV-80371-BLOOM/Valle, 2015 WL 11251736, at *3 (S.D. Fla. July 29, 2015) (in weighing whether non-disclosed witness should testify, court considers three factors: "(1) the importance of the

testimony; (2) the reason for the [plaintiff's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness . . . [is] allowed to testify").

In its earlier filing, Plaintiff suggested that State Farm had constructive knowledge of Furman because she was one of State Farm's millions of insureds. Dkt. No. 133 at 6. Such a position is absurd. Plaintiff bears the burden to put forward the witnesses upon whom he seeks to rely, and it is not State Farm's obligation to seek out which of its insureds might have contacted Plaintiff's counsel regarding their interest in this case. Fed. R. Civ. P. 26(a). The purpose of Rule 26 is to avoid ambush at trial, and Plaintiff's suggestion that he does not need to disclose anyone who was insured with State Farm cuts against the purpose Rule 26. *Berry v. Fla. Int'l Univ. Bd. of Trustees*, No. 06-21936-CIV, 2008 WL 203362, at *2 (S.D. Fla. Jan. 23, 2008) ("For years Courts throughout the land have been charged with eliminating 'trial by ambush.' A major purpose of discovery is eliminating surprise."); *see also F.T.C. v. Nat'l Urological Grp., Inc.*, 645 F. Supp. 2d 1167, 1179 (N.D. Ga. 2008), *aff'd*, 356 F. App'x 358 (11th Cir. 2009) (rejecting generic identification of witness where party had opportunity to supplement witness list but declined to do so). Where Plaintiff identified an undisclosed State Farm insured to State Farm prior to the discovery deadline but did not provide the name or contact information for the insured, State Farm should not be prejudiced by having Mr. Furman testify at trial but having never had the opportunity to speak with her during discovery.

In the alternative, Furman should not be permitted to testify in Plaintiff's case-in-chief and, instead should be limited as a rebuttal witness. Responding to State Farm's earlier motion to strike, Plaintiff argued that Furman is a rebuttal witness, but this position is now undercut by placing her on Plaintiff's witness list. "To determine whether evidence is 'rebuttal'

evidence, a court must ask whether the rebuttal evidence is proffered to counter evidence that the defendant has offered, or whether it is simply a continuation of the plaintiff's case-in-chief." *In re Puda Coal Sec. Inc., Litig.*, 30 F. Supp. 3d 230, 252 (S.D.N.Y. 2014).  In addition, evidence used "solely for impeachment" need not be disclosed, but this is limited to circumstances where the evidence offered by the witness plays no role other than impeachment.  *See Cooley*, 138 F. App'x at 161 (affirming a district court's decision to exclude affidavits because the plaintiff failed to show that the evidence was offered solely for impeachment).   Here, if the Court allows Furman to testify, she must be limited as a rebuttal witness or offered solely for impeachment.   Because Furman was not disclosed prior to the close of discovery, the Court should exclude her from Plaintiff's case, unless she is used as a proper rebuttal witness.

**C.    Motion in Limine No. 3 – Motion to Exclude Factual Arguments Regarding Shortcomings of State Farm's Remediation**

This Court should exclude any factual arguments regarding the shortcomings of State Farm's remediation because counsel's assertions that the remediation was incomplete is irrelevant to the issues in this case.  In particular, Plaintiff has argued at one time or another during these proceedings the following about the remediation: (1) that there remain over 1000 leased insureds paid less than 6% sales tax owed full payment, Dkt. No. 119 at 17; (2) that there are over 400 claims with no taxes paid that State Farm did not remediate; and (3) that all State Farm insureds should have received $79.25 in title transfer fees as opposed to the amount Florida law mandates, $54.25, Dkt. No. 111 at 21-22.

But the only evidence Plaintiff offers in support for these points is Jeffrey Martin's declaration that includes statistical analysis which was never disclosed to State Farm, as

discussed above. *Id.*; Dkt. No. 96-1 at ¶ 13.  Because Martin's testimony and declarations are not admissible either as expert analysis or as lay witness testimony, statements that the remediation is "incomplete" from Martin would be inappropriate.  Additionally, the factual record available for Martin (or anyone else) to opine that the remediation is incomplete.  Martin has reviewed nothing more than transactional metadata associated with total loss settlements in Florida.  He never looked at any of the claim files that he argues suggest that the remediation efforts were incomplete.  Plaintiff simply has no admissible evidence to support such assertions; therefore, there is no relevance to them.  Dkt. No. 123 at 8.  Comments regarding whether certain State Farm insureds should have received more during the remediation have no basis in fact and, as a result, any relevance is substantially outweighed by the risk of unfair prejudice.  Fed. R. Evid. 403.

Case-in-point, Plaintiff posits in his Trial Brief that damages should be calculated as to certain "unremediated claimants/class members" and then offers a calculation for how such individuals should be compensated.  Dkt. No. 144 at 7-8.  But the unrebutted testimony from State Farm's witnesses is that individual claims which received no sales taxes, as reflected by certain spreadsheets produced by State Farm, were reviewed by State Farm claims specialists and either paid or not depending on a review of the claims files.  Dkt. No. 110 at Ex. E.  Such an individualized assessment by State Farm's claims specialists means that Plaintiff's so-called "unremediated claimants/class members" do not exist.  State Farm has already determined through a file-by-file review that these individuals were never owed sales taxes in the first place.  So, statements or arguments by Martin or any other witness are speculative whose prejudice is outweighed by its probative value. *Brewster v. S. Home Rentals, LLC*, No. 11-cv-

872, 2012 WL 6101985, at *4 (M.D. Ala. Dec. 7, 2012) (speculative arguments are inadmissible because they are either not relevant "or if relevant at all, any probative value of this evidence is substantially outweighed by the danger of confusion of the issues and misleading the jury").

Nor are Plaintiff's assertions appropriate that State Farm insureds should have received $79.25 in title transfer fees as opposed to some other amount.   Again, the sole basis for Plaintiff's contention that insureds received some amount less than $79.25 in fees is his review of structured claims data, not the underlying claims files and payment information.   This is an insufficient factual predicate to challenge the fulsomeness of the remediation.   Fed. R. Evid. 403 (Advisory Committee's Notes) (excluding arguments without some basis in admissible evidence because it is the kind of "improper basis, commonly, though not necessarily, an emotional one" contemplated by the Federal Rules of Evidence as ripe for exclusion).

**D.**     **Motion in Limine No. 4 – Motion to Exclude Plaintiff's Characterization Of Remediation As A Subversion of This Court's Authority**

In Plaintiff's response to State Farm's summary judgment motion, Plaintiff asserted that State Farm only remediated claims as an "effort[] to keep as much money rightfully owed to its insureds as possible while avoiding the full reckoning this Court can provide." Dkt. No. 119 at 3.   State Farm moves to preclude Plaintiff's counsel and Plaintiff's witnesses from making this statement and the like at trial.   Such statements have no basis in fact and are nothing more than a slanderous characterization meant to inflame the jury.   Accordingly, they have not probative value and are substantially outweighed by the unfair prejudice to State Farm.   Fed. R. Evid. 403.

As is already before the Court in State Farm's response to Plaintiff's motion for class certification, State Farm approached Plaintiff's counsel openly about its intention and desire to remediate claims involving Florida insureds who were prior recipient of total loss settlements. Dkt. No. 85 at Ex. C. Plaintiff's counsel and State Farm were ultimately unable to work collaboratively on the remediation after Plaintiff's counsel demanded approximately $1 million be taken from the putative class members and set aside for their attorneys' fees. *Id.* at Exs. D, E. Even still, State Farm notified Plaintiff's counsel in advance of engaging in the remediation to allow them to approach the Court had they so desired. *Id.* at Ex. E. Plaintiff's counsel responded by filing a charging lien to divest the putative class of the amounts that State Farm had already paid out as compensation. Dkt. No. 55.

The record is unrebutted that State Farm provided notice and a full explanation of the remediation to Plaintiff's counsel for making payments to its insureds. There is simply no evidence that State Farm has engaged in any nefarious conduct as Plaintiff suggests. What is more, State Farm's intent is not at issue in this case—this is a simple breach of contract case. Any characterization of State Farm's actions is irrelevant to whether State Farm's actions breached the relevant contracts and whether any potential plaintiff is owed damages. In addition, Plaintiff's suggestion that State Farm is somehow subverting the Court's authority is a highly prejudicial statement and creates a risk that the jury's decision-making will be improperly colored by Plaintiff's sweeping and unsupported characterization of State Farm's conduct in this litigation. *Hydentra HLP Int. Ltd. v. Luchian*, No. 1:15-CV-22134-UU, 2016 WL 5942525, at *1 (S.D. Fla. May 31, 2016) (excluding characterization of plaintiff as a

"copyright troll" on the grounds that the term "carrie[d] a negative connotation," and "the prejudicial use of th[e] phrase would outweigh any probative value").

**E.    Motion in Limine No. 5 – Motion To Exclude Characterizations Of State Farm As Capable Of Payment**

State Farm moves to exclude any characterizations of State Farm as a large corporation that is capable of paying the damages Plaintiff is claiming in this litigation. While these kinds of assertions have no "probative value," they pose a substantial "danger of . . . unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403.

Plaintiffs should not be able to present arguments before the jury that State Farm would have no difficulty compensating insureds for sale taxes and fees. Not only does State Farm's ability to pay have no bearing on its obligation to do so under the law, but allowing such characterizations unfairly prejudices State Farm as the jury may be more likely to find the company liable simply because it can afford to be. *Okemo Mountain, Inc. v. Sikorski*, No. 1:93-CV-22, 2006 WL 851821, at *1 (D. Vt. Mar. 29, 2006) (excluding statements by counsel regarding plaintiffs' ability to pay compensatory or punitive damages).

**F.    Motion in Limine No. 6 – Motion To Exclude Information Regarding Owned Vehicles**

This Court should exclude any information related to owned vehicles, or State Farm's practices on claims involving insureds who owned their cars, as irrelevant because Plaintiff's proposed class is limited to insureds with leased vehicles. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Claims involving payment of taxes and fees on

owned cars are not at issue in this case.  Plaintiff leased his Lexus, and he dropped his initial request to represent owned vehicle insureds in this case. Dkt. No. 70 at 2.  Thus, should the Court certify the class, the only question before the jury would be State Farm's liability as to a putative class of insureds with leased vehicles.  State Farm's conduct as to non-class members is irrelevant in determining a breach of contract.

**G.**     **Motion in Limine  No. 7 – Motion To Exclude Information  Regarding The Leasing Industry**

This Court should exclude any information  related to the leasing industry as irrelevant because it has nothing to do with the narrow issue in this litigation.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401. Here, the key issue in this case is whether State Farm has a contractual obligation to pay sales taxes and fees as part of actual cash value.  Plaintiff does not contest that State Farm paid fair market value of the vehicle to him or State Farm's insureds.  Any information  regarding the valuation of a leased vehicle is irrelevant because taxes and fees are the only component of the total loss payment at issue in this litigation.   And as irrelevant evidence is inadmissible, evidence on the leasing industry should be excluded from trial.  Fed. R. Evid. 402.

Much of this is dealt with in the pending *Daubert* motions.  Through his purported experts, Plaintiff hopes to introduce information  related to the mileage on leased vehicles, their credit scores, safety equipment,  and maintenance for leased vehicles. *See* Dkt. No. 109. But whether through expert testimony or otherwise, none of this information informs the jury on whether State Farm breach its contract with Plaintiff by considering sales tax or fees as separate from actual cash value.  Indeed, there has been practically no evidence adduced through

14

discovery on how State Farm considers issues surrounding the "leasing industry" in interpreting actual cash value or in electing to pay (or not) sales tax and fees for leased vehicle total loss settlements. Without a causal link between evidence on the leasing industry and State Farm practices for leased vehicles, there is an evidentiary vacuum that Plaintiff cannot hope to fill, and such proof will confuse the jury and waste its time. Fed. R. Evid. 403.

For example, State Farm does not argue that taxes are owed on owned vehicles, but not on leased vehicles. Rather, it is State Farm's position as it has outlined for the Court several times, that the Policy requires payment of the fair market value of the vehicle, and it is undisputed that State Farm has paid this amount on both owned and leased vehicles. Therefore, the intricacies of the leasing industry are not relevant to the payment of taxes and fees on total losses. To the extent that any of these issues are tangentially related to the interpretation of actual cash value, exploration of such issues by an expert witness will only serve to delay the proceedings and confuse the jury.

**H.  Motion in Limine No. 8 – Motion To Exclude Arguments That Plaintiff Should Receive The Benefit of The Bargain**

This Court should exclude as irrelevant and unduly prejudicial any evidence relating to or argument that State Farm should be found liable because Plaintiff deserves the benefit of the bargain. Fed. R. Evid. 402, 403. Plaintiff has argued in his Trial Brief and at summary judgment that the measure of damages in this case is based on Plaintiff's expectation of the "benefit of the bargain." Dkt. No. 111 at 21-22; Dkt. No. 119 at 15-16. But the Florida Jury Instructions on breach of contract make clear, the appropriate measure of damages is simply compensatory damages. Florida Jury Instruction 504.2; *Capitol Environmental Svcs., Inc. v. Earth Tech, Inc.*, 25 So.3d 593, 596 (Fla. 1st DCA 2009) ("It is well-settled that the injured

party in a breach of contract action is entitled to recover monetary damages that will put it in the same position it would have been had the other party not breached the contract.").

Plaintiff's theory of the "benefit of the bargain" is not the appropriate measure of damages and is unsupported by the case law. Thus, it is entirely irrelevant to this case, and to suggest to the jury a standard other than what the jury will be instructed on is highly prejudicial to State Farm. The Court should be the sole source of the law for the jury—Plaintiff's counsel should not be permitted to suggest that another standard of damages is appropriate in this case. *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (stating that "the court must be the jury's only source of law"); *Moore v. GEICO Gen. Ins. Co.*, No. 813CV1569T24AEP, 2016 WL 5719474, at *4 (M.D. Fla. Sept. 30, 2016) (concluding that allowing plaintiff to elicit lay witness testimony on the bad faith standard under Florida law would be prejudicial because "it [was] the Court's duty to instruct the jury on [this] standard").

I.      **Motion in Limine No. 9 – Motion To Exclude Evidence Relating To Cases Involving other Non-Party Insurance Companies' Litigation**

 This Court should exclude any testimony or evidence concerning *Bastian v. United Servs. Auto Ass'n*, 150 F. Supp. 3d 1284 (M.D. Fla. December 10, 2015) and *Roth v. Geico General Insurance Co.*, Case No. 16-cv-62942, Dkt. No. 247 (S.D. Fla. June 14, 2018) as irrelevant and otherwise unduly prejudicial to State Farm. Fed. R. Evid. 402, 403. Here, neither Plaintiff nor State Farm were parties in those cases, and those cases involve different policies with different definitions of actual cash value.

Courts in the Eleventh Circuit have excluded evidence of prior litigation because the probative value of other opinions is substantially outweighed by their prejudicial effect. Fed. R. Evid. 403; *see, e.g., U.S. Steel, LLC, v. Tieco, Inc.*, 261 F.3d 1275, 1287 (11th Cir. 2001)

(finding a judge's prior opinion involving the same vendor inadmissible because of the prejudicial effect substantially outweighed its probative value); *see also Palmer v. Bd. of Regents of University Sys. of Ga.*, 208 F.3d 969, 973 (11th Cir. 2000) (concluding that evidence of other lawsuits was properly excluded where the complaints "involved different decision-makers, different departments, and different hiring processes"). The resolution of litigation against other insurance companies is irrelevant to the determination of State Farm's obligations to Plaintiff in this case. Neither *Roth* nor *Bastian* has any bearing on the specific issue here— whether State Farm is required to pay sales tax and fees as part of actual cash value under its insurance policy. Evidence related to litigation against USAA or GEICO—each with its own business practices and policies—is irrelevant and should be excluded under Rule 402.

In addition, any suggestion by Plaintiff's counsel that USAA and GEICO were ordered to pay taxes and fees is highly prejudicial and risks confusing the jury. Fed. R. Evid. 403. Should the Court determine that this case is fit for a jury's determination, then the jury would be tasked with assessing whether State Farm owes Plaintiff and putative class members taxes and fees. Plaintiff should not be permitted to suggest that the outcomes in *Bastian* and *Roth* be used to guide or influence the jury's decision in this case. *Palmer*, 208 F.3d at 973.

**J.      Motion in Limine No. 10 – Motion To Exclude Characterization Of Other Legal Decisions In Florida Concerning Actual Cash Value As Settled Law**

This Court should exclude as irrelevant and otherwise unduly prejudicial any characterization of other legal decisions in Florida on actual cash value ("ACV") as settled law. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

Relevant evidence may also be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [and/or] misleading the jury." Fed. R. Evid. 403. "Unfair prejudice" is defined as an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 (Advisory Committee's Notes); *see also Old Chief v. U.S.*, 519 U.S. 172, 180 (1997).

Plaintiff should be precluded from characterizing as settled law interpretations by Florida courts of ACV in the context of other insurance policies. For example, in his summary judgment motion, Plaintiff argued that "Florida law defines ACV to mean fair market value – i.e., repair or replacement costs minus depreciation – which necessarily includes sales tax and title transfer fees." Dkt. No. 111 at 13. Such interpretations of ACV resulted from individualized analyses of the specific language in each insurance policy in question. Consequently, that courts have construed actual cash value to mean replacement value in some cases does not necessitate the same conclusion here, and Plaintiff's characterizations of them as such is irrelevant. Even if this Court determined that these characterizations were somehow relevant, any probative value they have far outweighs the risk of unfair prejudice against State Farm and confusing or misleading the jury. It is axiomatic that "the court must be the jury's only source of law." *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990). Not only would Plaintiff usurp the Court's role if he was permitted to instruct the jury on what should (and should not) be considered settled law, but the jury may be led to believe that the only legal decisions relevant to its determination of the issues in this case are those identified by the Plaintiff. Misguided by Plaintiff's inaccurate characterizations, the jury may

then disregard State Farm's arguments on how to interpret ACV within the meaning of its insurance policies.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Dated: November 27, 2018

Respectfully submitted,

/s/ Daniel F. Diffley
Daniel F. Diffley (admitted *pro hac vice*)
James B. Cash (admitted *pro hac vice*)
Cassandra K. Johnson (admitted *pro hac vice*)
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
Tel.: 404-881-7000

Johanna W. Clark
Florida Bar No. 196400
CARLTON FIELDS, P.A.
450 S. Orange Avenue, Suite 500
Orlando, FL 32801
Tel.: 407-849-0300
jclark@carltonfields.com

*Attorneys for Defendant State Farm Mutual Insurance Company*

## CERTIFICATE OF CONFERENCE

Pursuant to Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, the undersigned counsel hereby certifies that moving counsel has conferred with opposing counsel.   Counsel were unable to agree on the resolution of the evidentiary issues raised in this motion.

DATED this 27th day of November, 2018.

/s/ Daniel F. Diffley_____
Daniel F. Diffley

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of November, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send a notice of electronic filing to all counsel of record.

/s/ Daniel F. Diffley
Daniel F. Diffley