## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ANTHONY SOS,

      Plaintiff,

                                    CASE NO.: 6:17-cv-890-KRS

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

---

### STATE FARM'S REPLY IN SUPPORT OF ITS
### MOTION TO DECERTIFY THE CLASS

The record in this case now shows that Plaintiffs' repeated suggestion throughout this litigation that State Farm's remediation was incomplete and could have missed over 1,000 was unfounded.  The results of the court-ordered notice process found only an additional *four* possible claims who could fit the class definition—and importantly, these four claims were not affected by the business rule at issue in the litigation.  The remediation was complete almost two years ago and nullifies any possible basis for certification under Rule 23, and Plaintiffs' response to this Motion does not provide any valid arguments to the contrary.  Because the individual class members had not filed suit, there is no claim for prejudgment interest.  And, the existence of these four additional claims is not sufficient to allow this case to proceed as a class action.  The Court should de-certify the class.

**I.**      **The Remediated Class Members Do Not Have a Claim for Prejudgment Interest.**

The bulk of Plaintiffs' response focuses on prejudgment interest.  The individual class members who received payments through the remediation, however, are not entitled to

prejudgment interest because when State Farm made payments: (1) none of these insureds had filed a lawsuit against State Farm; and (2) Plaintiff's counsel in this case did not represent those insureds until a class was certified and the opt-out period expired. Since State Farm was not obligated to pay prejudgment interest on the underlying insurance claims, this cannot be the basis for this case to continue as a class action.

The question here is not, as Plaintiffs suggest, whether an individual who files a lawsuit can recover prejudgment interest on the amount determined to be owed in that lawsuit. Instead, the proper question is whether an insured who received a payment through the remediation, without ever filing a lawsuit, can prevail in an individual claim for prejudgment interest when the underlying amount paid in the remediation is not in dispute and was not judicially determined. The answer is plainly no. Throughout all the briefing on this question in this case, including their response here, Plaintiffs have yet to cite a single statute or case that stands for the proposition that an insured has a claim for prejudgment interest when his insurance company makes a voluntary supplement on an insurance claim. And, State Farm has not found such a case supporting that proposition.

On the contrary, a close review of the cases cited by Plaintiffs shows that they support State Farm's position. For example, in *Blitz v. Telecom Consulting, LLC v. Peerless Network, Inc.*, 212 F. Supp. 3d 1232, 1239-40 (M.D. Fla. 2016), the court states: "the plaintiff shall recover prejudgment interest as a matter of right ***if the finder of fact determines that the defendant is liable and reduces the plaintiff's injuries to a sum certain.***" (emphasis added). That case highlights that in order to recover prejudgment interest, an individual must first bring a lawsuit in court and successfully prove an entitlement to financial recovery, which none of

the class members did in this case.  Plaintiffs further rely on *Craigside, LLC v. GDC View LLC*, 74 So. 3d 1087 (Fla. 1st DCA 2011), and *Colombia Casualty Co. v. Southern Flapjacks, Inc.*, 868 F.2d 1217 (11th Cir. 1989), but those cases too are very different from the circumstances of this case.  In *Craigside*, the parties litigated and only after judgment was rendered did the appellate court award prejudgment interest.  74 So.3d 1087.  Similarly, in *Southern Flapjacks*, the parties arbitrated the case with a third-party appraiser pursuant to the policy (because the insurer denied the claim) prior to the lawsuit.  868 F.2d 1217.  Prejudgment interest was available because the insurance company denied the claim and defended the suit.  Neither of those circumstances apply here.

For the same reason, the concept of confession of judgment also does not apply to these class members.  The confession of judgment doctrine allows a *plaintiff* who settles his claim to, in some circumstances, recover an award of attorneys' fees "even though technically no judgment for the loss claimed is thereafter entered."  *Goff v. State Farm Fla. Ins. Co.*, 999 So. 2d 684, 687 (Fla. Dist. Ct. App. 2008).  However, the confession of judgment doctrine does not apply to individuals who never filed suit.  Therefore, the concept is not applicable to the voluntarily remediated putative class members because they were not a part of this lawsuit at the time the payments were made and never contested the payment of their claims with State Farm.

## II.    The Four Additional Insureds Identified Through the Notice Process Are Not Class Members and If They Are, the Court Has Certified an Impermissible Failsafe Class.

Plaintiffs contend that that four additional insureds were "missed" by State Farm during the remediation and that those four are "members of the class, not a separate class."  This is

wrong on three fronts.  First, it ignores the facts of the remediation.  Second, if these four individuals are members of the class, the certified class violates Rule 23's commonality requirement.  And third, the certified class then becomes an impermissible "failsafe" class.

During certification, the Court expressed concerns that the remediation was somehow incomplete.  Dkt. 181 at 4-5.  Presented with the facts in State Farm's opening brief, Plaintiffs now suggest that State Farm's remediation efforts were somehow shrouded in secrecy.  There is no basis for this argument as from the beginning, State Farm notified Plaintiffs' counsel of its intent to compensate insureds through the remediation and even invited Plaintiffs' counsel to participate in the remediation before any payment was issued.  Dkt. No. 85 at Ex. C. Plaintiffs also sought discovery on the subject and deposed State Farm's Rule 30(b)(6) witness, the primary claims handler working on the remediation, and the consultant who managed the remediation.  And Plaintiffs' contention that "State Farm has not provided the individual amounts paid nor the basis for such payment" (Oppn. at 3) is wrong, as State Farm provided Plaintiffs a list of all individuals paid and in what amount.  Dkt. No. 201, Johnson Decl. ¶ 2. [1]

Apparently recognizing these four individuals are different than those who received payments during the remediation, Plaintiffs contend that it does not matter why the contract was breached—as long as there is a claim for breach of contract, all individuals with a breached contract can be part of the class.  This flies in the face of *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011), which explained that "[c]ommonality requires . . . that the class

---

[1] The recent identification of the four new insureds is no indication the remediation process was somehow inadequate.  As set forth in State Farm's motion, the four new insureds were not impacted by the zeroing out of taxes in the Total Loss Settlement Tool, so it is not surprising their claims were not identified in conjunction with efforts to identify the putative class.

members 'have suffered the same injury,' . . . not [] merely that they have all suffered a violation of the same provision of law." (citation omitted). This reading would create an impermissible fail-safe class.

A fail-safe class is one where membership is dependent on an affirmative answer of the ultimate question in this litigation: whether State Farm failed to pay full taxes and fees. In a failsafe class, "[T]he Court would essentially have to make a determination that [State Farm] is liable to an individual before it could conclude that the individual is a member of the class." *Alhassid v. Bank of Am., N.A.*, 307 F.R.D. 684, 694 (S.D. Fla. 2015). The flaw inherent in an improper fail-safe class is clear and well established. "Either the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment." *Id.* at 693. This "permit(s) plaintiffs to circumvent res judicata and basically rig the certification process so that they cannot lose . . . . **Finally - and most obviously—a fail safe class is unmanageable because the members of the class could only be known after a determination of liability.**" *Id.* at 693-94 (internal quotations and citations omitted) (emphasis added). These four "underpaid" insureds that Plaintiffs argue are part of the class were not affected by the business rule that zeroed out taxes. A class action does not exist to root out any and all potential "breaches" of contracts without any common element among the claims. Thus, these four individuals cannot be part of the class.

DATE: February 14, 2020

Respectfully submitted,

*/s/ Daniel F. Diffley*
Daniel F. Diffley (*pro hac vice*)
Cassandra K. Johnson (*pro hac vice*)
ALSTON & BIRD LLP

1201 W. Peachtree Street
Atlanta, Georgia 30309
Tel.: 404-881-7000
Fax: 404-881-7777

Johanna W. Clark
Florida Bar No. 196400
CARLTON FIELDS, P.A.
450 S. Orange Avenue, Suite 500
Orlando, Florida 32801
Tel.: 407-849-0300
Fax: 407-648-9099
***Attorneys for Defendant, State Farm Mutual
Automobile Insurance Company***

LEGAL02/39585847v6